J. H. SKIPPER, *Plaintiff in Error,* v. J. S. REESE, *Defendant in Error.*

Opinion Filed August 14, 1918.

Under the facts of this case the evidence is legally sufficient to show possession on which title by adverse possession may be acquired.

Writ of Error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*John C. Avery,* for Plaintiff in Error;

*E. C. Maxwell,* for Defendant in Error.

WHITFIELD, J.—In an action of ejectment the plaintiff prevailed and the defendant took writ of error.

The decisive question presented is whether the plaintiff or his predecessors in claim acquired title to land included in a Spanish Grant, by adverse possession under color of title afforded by an invalid tax deed, which purported to convey "The Juan Dominguez Tract, being Section 34, T. 2 S., R. 30 W., and the west portion of Lot 3 of Section 35, same township, containing in all 1353 acres."

It appears that the grantee in the tax deed exercised ownership over the entire tract by keeping off trespassers, disposing of the timber, selling off portions of the tract, leasing other portions and improving portions with buildings, fences, etc. Subsequent to the possession assumed under the tax deed portions of the tract were platted into

lots and some of the lots were assessed separately. The above acts of dominion and ownership continued for much more than the statutory period for acquiring title by adverse possession; but the grantee in the tax deed and his privies did not hold actual occupancy of the entire tract, though there was no adverse occupancy to such parties, except under conveyances of portions of the tract under the grantee in the tax deed.

The statute provides that "for the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument, or a judgment or decree, land shall be deemed to have been possessed and occupied, in the following cases:

"1.  Where it has been usually cultivated or improved.

"2.  Where it has been protected by a substantial enclosure.

"3.  Where (although not enclosed) it has been used for the supply of fuel, or of fencing timber for the purpose of husbandry, or for the ordinary use of the occupant; or

"4. Where a known lot or single farm has been partly improved, the portion of such farm or lot which may have been left not cleared or not inclosed according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved or cultivated." Sec. 1721, Gen. Stats., 1906, Compiled Laws, 1914.

The acts of possession above stated appear to be sufficient, under the circumstances of this case, "for the ordinary use of the occupant" within that provision of the quoted statute, the grantee in the tax deed being the occupant of at least a portion of the tract, which is an entirety. Besides this, Section 518 of the General

Statutes of 1906, Compiled Laws of 1914, provides for assessing land included in Spanish Grants or donations to be assessed as an entire "tract, lot, piece or parcel," which would indicate that a Spanish Grant or donation may be "a known lot," which, when partly improved, the portion "left not cleared or not enclosed; according to the usual custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved or cultivated."

As the possession found for the plaintiff is legally sufficient to mature title by adverse possession under color of title, the verdict has support in the evidence, and errors of procedure, if any, were harmless.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.